FILED

2013 Jan-07  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**GLORIA FAYE CRAIG,**                    ]
                                          ]
    Plaintiff,                        ]
                                          ]
    vs.                               ]    CV 12-J-2235-NE
                                          ]
**MICHAEL J. ASTRUE,**                    ]
**Commissioner of the Social**            ]
**Security Administration**,              ]
                                          ]
    Defendant.

### MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income.  The case is now properly before the court.  *See* 42 U.S.C. § 405.

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 49 years old, having been born January 16, 1961, and had a limited education (R. 93, 202-203).  The plaintiff alleged an inability to work due to back pain (R. 158). The ALJ found that the plaintiff does have impairments which are severe, specifically mild mildline disc bulge at L5-S1, lumbar spondylosis with radiculopathy, lumbosacral facet syndrome, degenerative joint disease, degenerative disk disease, bursitis, osteopenia, pulmonary and adrenal nodules, dyspnea, COPD, and GERD, none of which met or medically equaled any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404  (R. 23, 26).  The ALJ specifically considered whether the plaintiff met the requirements of Listing 1.02 or 3.02, and found that she did not.  The ALJ therefore concluded that the plaintiff had the residual functional capacity to perform a limited range of light work, with limitations of lifting

and carrying up to ten pounds frequently, only occasional climbing ramps, stairs, ladders, ropes or scaffolds, only occasional balancing, stooping, kneeling, crouching and crawling, and avoiding concentrated exposure to unprotected heights or dangerous machinery (R. 26). Based on these limitations and the Vocational Expert's testimony, the ALJ found that the plaintiff could return to her past relevant work as a seamstress and gas grill assembler, as well as perform other jobs existing in the national economy (R. 29-30). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 31).

The plaintiff argues that the ALJ failed to apply the Eleventh Circuit pain standard, although the plaintiff alleges pain is what keeps her from engaging in substantial gainful work activity. Plaintiff's memorandum at 5-13. The court finds that the ALJ did consider the plaintiff's allegations of pain, but found plaintiff's testimony regarding her limitations from pain not to be entirely credible (R. 27-28). Specifically, the ALJ found the plaintiff's testimony undermined by her activities of daily living, her application and receipt of unemployment compensation benefits and the medical records in which she reported repeated benefit from epidural injections (R. 28).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its

judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

(11th Cir.1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court
> must scrutinize [the] record in its entirety to determine reasonableness of the
> decision reached."  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds

for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has specifically considered the plaintiff's argument concerning whether

the ALJ failed to apply the pain standard as required by the Eleventh Circuit.  The pain

standard requires "(1) evidence of an underlying medical condition; and (2) either (a)

objective medical evidence confirming the severity of the alleged pain; or, (b) that the

objectively determined medical condition can reasonably be expected to give rise to the

claimed pain".  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002).  However, such

an analysis is not the end of the standard's application.  Assuming such a condition exists,

that ALJ must then evaluate a claimant's subjective symptoms, considering such things as:

(1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency,

radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating

factors; (4) adverse side-effects of medications, and (5) treatment or measures taken by

the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(iv).

The ALJ carefully and meticulously considered the plaintiff's impairments and found

that the same could reasonably be expected to produce the type of pain and other

symptoms she alleged.  However, the ALJ did not believe plaintiff's testimony as to the

severity of her pain and other symptoms, i.e., their intensity, persistence and functionally

limiting effects. *See* 20 C.F.R. § 416.929(c) ("When the medical signs or laboratory findings

3

show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work...."). The court finds the ALJ properly evaluated the plaintiff's complaints of pain, given her medical records and her report of daily activities.

Without redeciding the facts or reweighing the evidence, this court can find no basis upon which to reverse the decision of the ALJ. See e.g., *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990). Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 7th of January, 2013.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE